IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ERIN MCDANIEL,

    Plaintiff,

v.

    Case No. 2:11-CV-0683
    JUDGE EDMUND A. SARGUS, JR.
    MAGISTRATE JUDGE MARK R. ABEL

PNC BANK,

    Defendant.

## OPINION & ORDER

This matter is before the Court on Defendant PNC Bank's Motion to Dismiss Count III of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) (Doc. 6). For the reasons that follow, Defendant's motion is **GRANTED**.

## I. BACKGROUND

Plaintiff Erin McDaniel ("McDaniel") brings this action against her former employer, Defendant PNC Bank ("PNC"), asserting claims of race discrimination and retaliation under Ohio Revised Code §§ 4112.02 and 4112.99 and Title VII of the Civil Rights Act of 1964. McDaniel also brings a state law claim for intentional infliction of emotional distress, which is the subject of this motion.

McDaniel was employed by PNC and its predecessor, National City Bank, from 1998 until her resignation on November 1, 2010. (Compl. at ¶¶ 7, 16.) Prior to her resignation, McDaniel's principal job at the bank was to conduct online "chats" with customers and to sell various banking products, such as deposit accounts and personal loans. (*Id.* at ¶ 8.) According to the complaint, "things were going fine until her [new] supervisor, Amy Lyon [("Lyon")]. . .

began to treat her and the other minority employees differently." (*Id.* at ¶ 9.) Lyon's allegedly discriminatory treatment consisted of seating three black employees, including McDaniel, together near her office, "while the other seventeen non-minorities were spread out throughout the department." (*Id.* at ¶ 10.) McDaniel also alleges that Lyon wrote her up for an attendance infraction while non-minority employees were not written up despite having more egregious attendance issues, and reduced the number of chats that she could participate in from three to two, thereby negatively impacting her ability to meet goals and make sales bonuses. (*Id.* at ¶ 11.)

McDaniel also claims that on May 24, 2010, PNC verbally counseled her regarding a call with a customer that she thought she handled correctly. (*Id.* at ¶ 11.) Shortly thereafter on May 27, 2010, PNC issued a written warning to McDaniel after a call she had with a customer was reviewed and given a score of zero. (*Id.* at ¶ 14.) McDaniel claims that the written warning was retaliatory "based upon [PNC's] perception" that she had submitted an anonymous suggestion about one of PNC's policies. (*Id.*)

On September 15, 2010, McDaniel took a leave of absence from PNC due to "ongoing feelings of depression, stress, and anxiety." (*Id.* at ¶ 15.) McDaniel subsequently resigned from PNC on November 1, 2010. She filed this action in state court on June 21, 2011, which was removed to this Court by PNC on July 29, 2011. PNC then filed this motion, seeking to dismiss McDaniel's intentional infliction of emotional distress claim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (clarifying plausibility standard articulated in *Twombly*). Furthermore, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it] [is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Twombly*, 550 U.S. at 55) (internal quotations omitted).

McDaniel's memorandum in opposition relies primarily on her argument that PNC incorrectly seeks dismissal under federal pleading requirements, rather than Ohio's more liberal notice-pleading standards. (*See* Doc. 7, at 5–8.) In other words, McDaniel wants the Court to apply Ohio law—instead of *Twombly*—in ruling upon the 12(b)(6) motion because her intentional infliction of emotional distress claim is based upon state law.

McDaniel's argument is without merit. It does not matter whether her claim is based upon state or federal law: all claims, once removed to federal court, are subject to federal pleading requirements. *Iqbal*, 129 S. Ct. at 1953 ("[Rule 8] governs the pleading standard in all civil actions and proceedings in the United States district courts."); *see also Wilkey v. Hull*, 366

3

Fed. Appx. 634, 637 (6th Cir. 2010) (applying *Twombly* pleading standard in a diversity case to determine whether the plaintiff alleged sufficient facts to support state law claims); *Minger v. Green*, 239 F.3d 793, 799–801 (6th Cir. 2001) (applying federal pleading rules in a case based upon diversity jurisdiction). Therefore, although the complaint was filed in state court, it was eventually removed to federal court. As a result, McDaniel's complaint is subject to federal pleading requirements, which includes Rule 8(a)(2). Accordingly, the Court must determine whether McDaniel has "state[d] a claim to relief that is *plausible* on its face." *Twombly*, 550 U.S. at 570 (emphasis added).

### B. McDaniel's Claim for Intentional Infliction of Emotional Distress

PNC moves to dismiss Count III of the complaint, McDaniel's claim for intentional infliction of emotional distress. Because this action is based upon diversity jurisdiction, the Court must apply Ohio law in determining if McDaniel's allegations are sufficient.

To establish a claim for intentional infliction of emotional distress under Ohio law, a plaintiff must allege facts showing that (1) the defendant either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions were the proximate cause of the plaintiff's psychic injury; and (4) the mental anguish suffered by the plaintiff was serious. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (citing *Hanly v. Riverside Methodist Hosp.*, 603 N.E.2d 1126, 1132 (Ohio Ct. App. 1991)). The alleged conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 375 (6th Cir. 1999).

4

In her complaint, McDaniel alleges that PNC intentionally or recklessly caused serious emotional distress to McDaniel by making "(1) [her] and two other minority employees sit together by the supervisor's office and (2) unfairly disciplining [her] based on race and retaliation." (Compl. at ¶ 33.) McDaniel further alleges that PNC's "extreme and outrageous actions have caused [her] severe emotional distress, embarrassment, humiliation, and have caused [her] to seek medical treatment and/or counseling." (*Id.* at ¶ 35.) PNC contends that the facts alleged in McDaniel's complaint fail to establish extreme and outrageous conduct.

Having reviewed McDaniel's complaint, the Court finds that it fails to allege sufficient facts establishing extreme and outrageous conduct to support a claim for intentional infliction of emotional distress. Courts have dismissed intentional infliction of emotional distress claims under Ohio law where the plaintiff's allegations regarding the defendant's conduct were far more severe than the allegations raised by McDaniel. *See, e.g., Wolfe v. Thermo Fisher Scientific, Inc.*, No. 08-933, 2009 WL 1255023, at *1–3 (S.D. Ohio May 4, 2009) (employer falsely imprisoning plaintiff for four hours with no food or water while interrogating, intimidating, harassing, and embarrassing her was insufficiently extreme or outrageous); *Rubin v. Ford Motor Co.*, No. 04-836, 2006 WL 2128934, at *5–6 (S.D. Ohio July 27, 2006) (finding employer's "intentional, offensive and unjustified pattern of conduct (both verbal and physical)," including poking and swearing at plaintiff, to be insufficiently extreme or outrageous); *Hill v. Village of West Lafayette*, No. 95 CA 27, 1996 WL 487943, at *4–6 (Ohio Ct. App. May 24, 1996) (employer's false disciplinary charges and defamatory conduct against plaintiff insufficiently extreme or outrageous). "[T]o say that Ohio courts narrowly define 'extreme and outrageous conduct' would be something of an understatement." *Baab v. AMR Servs. Corp.*, 811 F. Supp. 1246, 1269 (N.D. Ohio 1993).

5

In light of this authority, the Court must conclude that the facts proffered by McDaniel are not so egregious as to establish the extreme or outrageous conduct necessary to establish a claim for intentional infliction of emotional distress. The alleged conduct certainly does not rise to the level of being so extreme and outrageous "as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Accordingly, PNC's motion to dismiss McDaniel's intentional infliction of emotional distress claim is **GRANTED**.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Count III of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) (Doc. 6) is **GRANTED**.

**IT IS SO ORDERED.**

2-3-2012
**DATED**

**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**

6